IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES,

      Plaintiff,                    No. CR S-10-0348 KJM

    vs.

PATRICIO REYES-GARCIA,

      Defendant.

ORDER

/

        This matter is before the court on defendant Patricio Reyes-Garcia's motion for a new trial under Federal Rule of Criminal Procedure 33. (ECF 42.) The government opposes defendant's motion. (ECF 51.) For the reasons set forth herein, defendant's motion is DENIED.

I.    BACKGROUND

        Defendant was arrested on August 11, 2010, when he was found hand-watering marijuana plants in the National Forest outside Markleeville in Alpine County. (ECF 42-1.) The surrounding area contained over 5,000 marijuana plants. Defendant was arrested about 100 yards from a small encampment. Two days later, the entire grow site was eradicated by the United States Forest Service. At trial, defendant suggested that he was merely tending a small garden of approximately eighty plants, which was separate and apart from a larger grow tended by third parties not associated with defendant. He relied on the following circumstantial evidence to

1

support the two grow theory: defendant was arrested away from the encampment; no other grower alerted defendant when police arrived at the grow site; defendant was not panicked when the police raided the larger grow site; whereas defendant was watering several plants by hand, the larger grow site relied on an irrigation system; and, there was no evidence that tied defendant to the grow site. (ECF 42-1.) Defendant did not testify at trial.  The jury rejected the two grow theory of the case, returning on March 1, 2011, a guilty verdict against defendant on each of two counts: for conspiracy to manufacture marijuana, 21 U.S.C. §§ 846, 841(a)(1), and carrying a firearm in relation to a drug trafficking offense, 18 U.S.C. § 924(c).

On April 4, 2011, the government informed defendant that three other men were arrested in connection with the same marijuana grow area shortly after defendant's arrest.  (ECF 42-1.) The three men were arrested near the trail head and found with a pound of freshly cut marijuana and a pistol. *Id*. Shoe prints of two of the arrested men matched shoe prints on the trail to the former grow site. *Id*.  In addition, firearms and tent materials further connected the arrested men to the campsite. *Id*. The new information also noted that approximately eighty very dry and frail marijuana plants were found near the campsite. Defendant suggests these plants were not destroyed because they consisted of his separate small grow patch, which was not eradicated by the Forest Service. Two of the other arrestees were prosecuted in state court, served their respective sentences and have since been deported; the third is a fugitive from charges pending in state court. After being notified of the subsequent arrests, defendant's trial counsel called the Forest Service case agent, Peter Jordan, to discuss the subsequent arrests. Agent Jordan told counsel he did not know if the arrested individuals were related to defendant's case because there were several gardens in the area. At trial, Agent Jordan testified he could not tie defendant specifically to the campsite. In his current motion, defendant argues he never had the opportunity to depose the other individuals arrested and now deported, and suggests their testimony would exonerate him.

/////

## II. ANALYSIS

Defendant moves for a new trial on the basis of newly discovered evidence under Rule 33(b)(2); in doing so, defendant also invokes *Brady v. Maryland*, 373 U.S. 83 (1963).[1] Newly discovered evidence under Rule 33 and *Brady* each provide a separate legal framework for analyzing whether a new trial is appropriate.[2] The court considers both bases.

### A. Newly Discovered Evidence

The court applies a five part test to determine whether a defendant should be granted a new trial under Rule 33(b)(2): "(1) the evidence must be newly discovered; (2) the failure to discover the evidence sooner must not be the result of a lack of diligence on the defendant's part; (3) the evidence must be material to the issues at trial; (4) the evidence must be neither cumulative nor merely impeaching; and (5) the evidence must indicate that a new trial would probably result in acquittal." *United States v. Kulczyk*, 931 F.2d 542, 548 (9th Cir. 1991). Under Rule 33, the court should grant a new trial "only in exceptional cases in which the

---

[1] At oral argument, the court asked counsel whether similarities between the facts set forth in the pending motion and those set forth in *United States v. Valenzuela-Bernal*, 458 U.S. 858 (1982), were significant legally. The parties did not brief the question and were not prepared to argue its applicability. Therefore, the court declines to analyze the pending motion under the framework set forth in *Valenzuela-Bernal*.

[2] Several circuits incorporate a *Brady* analysis into a Rule 33 motion standard. *See United States v. Del-Valle*, 566 F.3d 31, 40 (1st Cir. 2011) (noting the lowered standard from actual probability to reasonable probability when the new evidence is based in a *Brady* violation); *United States v. Douglas*, 525 F.3d 225 (2d Cir. 2008) (analyzing a *Brady* claim under Rule 33); *United States v. Medina*, 118 F.3d 371 (5th Cir. 1997) ("For example, we have allowed Rule 33 motions based on newly discovered evidence of jury tampering or Brady violations."). The Ninth Circuit appears to treat new evidence under Rule 33 and *Brady* violations as separate bases for a new trial. *See, e.g., United States v. Jernigan*, 451 F.3d 1027 (9th Cir. 2006) (evaluating a Rule 33 new evidence claim and *Brady* claim under their separately established standards), *overruled on other grounds*, *United States v. Jernigan*, 492 F.3d 1050 (9th Cir. 2007); *see also United States v. Kohring*, 637 F.3d 895 (9th Cir. 2011) (analyzing a *Brady/Giglio* claim without reference to any underlying procedural authority); *but see United States v. Ross*, 372 F.3d 1097 (9th Cir. 2004) (treating *Brady* claim as a substantive claim requiring jurisdictional authority). This view is reinforced by the separate appellate review standards applicable to Rule 33 and *Brady*. *See United States v. Hickson*, 585 F.3d 1247 (9th Cir. 2009) (Rule 33 reviewed under abuse of discretion standard); *Ross*, 372 F.3d at 1107 ("We review alleged violations of *Brady* de novo.").

evidence preponderates heavily against the verdict." *United States v. Showalter*, 569 F.3d 1150 (9th Cir. 2009). The parties dispute whether the newly discovered evidence is material and whether its admission in a subsequent trial would result in acquittal.

The evidence that defendant points to in support of a new trial is either speculative or cumulative. On the one hand, in returning a guilty verdict, the jury must not have given significant weight to the asserted lack of evidence connecting defendant to the campsite. The fact that individuals were arrested that were connected to that campsite does not undermine the jury's conclusion that defendant acted in concert with others in violation of 21 U.S.C. § 841(a)(1). On the other hand, defendant does not demonstrate that the fact that other individuals were arrested in connection with the campsite necessarily precludes an inference that he also was connected to the campsite. Defendant is not entitled to a new trial under Rule 33(b).

B.   Brady Violation

"To receive a new trial because of a *Brady* violation, a defendant must show: '(1) the evidence was exculpatory or impeaching; (2) it should have been, but was not produced; and (3) the suppressed evidence was material to his guilt or punishment. Evidence is material under *Brady* only if there is a reasonable probability that the result of the proceeding would have been different had it been disclosed to the defense.'" *United States v. Houston*, 648 F.3d 806, 813 (9th Cir. 2011) (quoting *United States v. Antonakeas*, 255 F.3d 714, 725 (9th Cir. 2001)). Because defendant cannot show materiality, as discussed below, the court assumes without deciding that defendant has satisfied the first *Brady* element, that the proffered evidence is exculpatory or impeaching.

In evaluating the suppression prong of the *Brady* analysis, "the district court should [] consider[] whether the government failed to disclose the relevant information in the possession of any of its agents involved in [defendant's] prosecution, not just what the prosecutor himself personally knew." *United States v. Price*, 566 F.3d 900, 903 (9th Cir. 2009). Here, the Forest Service agent who worked on the defendant's case, Agent Jordan, was aware of

4

the other individuals later arrested. The government had an obligation to disclose the subsequent arrests, regardless of whether the prosecutor was made aware of the arrests. *Id.* ("It is equally clear that a prosecutor cannot evade [his *Brady*] duty simply by becoming or remaining ignorant of the fruits of his agents' investigations.").

Under *Brady*, as contrasted with the Rule 33 standard, a defendant merely needs to prove "reasonable probability," as opposed to actual probability, that a new trial may have a different outcome. *See Barker v. Fleming*, 423 F.3d 1085, 1096 (9th Cir. 2005) ("In analyzing the materiality factor, we heed the Supreme Court's instruction that the defendant need not show that he would more likely than not have been acquitted had the evidence been disclosed."). The "touchstone" of the *Brady* materiality analysis is whether defendant "received a fair trial that resulted in a verdict 'worthy of confidence.'" *Id.* at 1096 (quoting *Kyles v. Whitley*, 514 U.S. 419, 434 (1995)). As discussed above, the new evidence presented here is not material in that it could not conceivably have affected the outcome of trial, even under the reduced probability standard required by *Brady*. Defendant has not produced any evidence of what the two other arrested individuals would have said if they had testified, but merely speculates their testimony would support defendant's theory of the case. Speculative evidence is insufficient to warrant a new trial. *See, e.g., Woods v. Sinclair*, 2011 WL 3487061, at *12 (9th Cir. Aug. 11, 2011) (rejecting *Brady* claim where "all [defendant] could offer was speculation that an evidentiary hearing might produce testimony or other evidence inconsistent with [prosecution witness] declarations."); *United States v. Stinson*, 647 F.3d 1196 (9th Cir. 2011) (rejecting *Brady* claim where government notes were redacted to hide names of individuals that did not testify at trial, noting defendant could not show reasonable probability by "speculating about what might have been redacted."); *see also United States v. Dring*, 930 F.2d 687, 693 (9th Cir. 1991) (contrasting the level of specificity required by a *Brady* claim with the lower threshold required under *Valenzuela-Bernal*).

/////

The mere existence of other individuals associated with the area of the campsite does not significantly bolster defendant's two grow theory or otherwise disturb the jury's verdict. Defendant is not entitled to a new trial under *Brady*.

III. <u>CONCLUSION</u>

For the reasons set forth above, defendant's motion for a new trial is DENIED.

IT IS SO ORDERED.

DATED: November 23, 2011.

_____
UNITED STATES DISTRICT JUDGE